UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAMORI V. ROGERS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-2478 PLC |
| | ) |
| UNKNOWN DOCTOR, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the Court's review of *pro se* Plaintiff Ramori V. Rogers, Sr.'s multiple filings. On October 3, 2019, Plaintiff filed a motion for leave to commence this action without prepayment of the required filing fee. ECF No. 6. Plaintiff also filed a letter appearing to request appointment of counsel. ECF No. 5. On November 4, 2019, the Court directed Plaintiff to file an amended complaint stating all of his allegations and naming all of the defendants in one document. In response, Plaintiff filed a letter with the Court and an amended complaint on the court-provided form, which both appear to contain allegations brought under 42 U.S.C. § 1983. *See* ECF Nos. 11, 12.

### **Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In Plaintiff's signed and sworn application to proceed without prepayment of fees, dated September 19, 2019, Plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 6. However, Plaintiff filed an inmate account statement dated August 16, 2019, that indicates his prison account had deposits totaling $370.00 over a six-month period. *See* ECF No. 2 at 2. Based on this number, Plaintiff's average monthly deposit total is $61.67. Twenty (20) percent of this amount would be $12.33. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $12.33.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true. *See*, *e.g., White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam) (in reviewing a dismissal of a *pro se* prisoner's complaint under § 1915, a court takes the facts "in the light most favorable to the plaintiff, and all well-pleaded [factual] allegations are considered as true"). Furthermore, the Court liberally construes the allegations in a *pro se* complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

Plaintiff initiated this action on August 30, 2019, by filing a civil rights complaint in this Court that included a caption for the District of Arizona. ECF No. 1. On October 28, 2019, Plaintiff filed a letter with the Court in which he requested to "add[] new defendants to this suit" and increase the amount of damages sought. ECF No. 7 at 1, 2. The Court issued an Order on November 4, 2019, cautioning Plaintiff that the Court's Local Rules do not permit parties to communicate with the Court by informal letters and reminding him that parties may only address the Court through motions and memoranda, unless otherwise directed by the Court. ECF No. 8. In order to clarify the record, the Court directed Plaintiff to file an amended complaint that included all changes he wanted to make to his claims and the defendants. The Court provided Plaintiff with some instructions for filing an amended complaint and warned him that his amended complaint would completely replace his initial complaint. The Court also advised Plaintiff that, due to the pending motion to proceed *in forma pauperis*, the Court would review his amended complaint under 28 U.S.C. §§ 1915 and 1915A. Plaintiff's amended complaint was due by December 4, 2019, but the Court granted him an extension until December 20, 2019. ECF No. 10.

**Plaintiff's Recent Filings**

On December 16, 2019, despite the Court's warning, Plaintiff again filed a letter with the Court. ECF No. 11. In the letter dated December 11, 2019, Plaintiff includes six separate pages

which each begin with a name – presumably the names of the defendants he wishes to sue – and then lists the "reason for suit." *Id.* at 2-7. The Defendants Plaintiff listed are: (1) "Jenseen" Pharmaceuticals; (2) Employees of Lincoln County Jail; (3) Lincoln County Jail; (4) Johnson & Johnson; (5) United States Marshals; and (6) Doctors at Lincoln County. *Id.* The basis of Plaintiff's allegations against all of these Defendants seems to center around his belief that he received a "dangerous" medication while being detained at the Lincoln County Jail beginning in February 2016. On the final page of his letter he finally names this drug as "Respidol." *Id.* at 7.

Plaintiff alleges that "Jenseen" makes this "dangerous" drug for Johnson & Johnson which has been distributing it for years despite the known damage it causes. *Id.* at 2, 5. As for Defendant "Employees of Lincoln County Jail," Plaintiff states that he is suing "every employee" in their individual and official capacities for negligently providing him with a dangerous medication. *Id.* at 3. Plaintiff further alleges that the Lincoln County Jail was negligent in its hiring and supervising of doctors and nurses, resulting in the following injuries to him: enlarged and lactating breast; sleep insomnia; erectile dysfunction; extreme weight gain; blurred vision; mental and psychological problems; ruined facial skin; extreme hair loss; ear infections; swollen limbs; and loss of balance. *Id.* at 4. Plaintiff asserts that after his arrest in February 2016, he was under the care and custody of the U.S. Marshals when he was given this dangerous medication at the Lincoln County Jail. As a result, Plaintiff alleges that the U.S. Marshals are responsible because they were negligent in not ensuring that he was being properly cared for. *Id.* at 6. Finally, as for Defendant "Doctors at Lincoln County," Plaintiff alleges that a doctor known as the "Veterinarian" prescribed him "Respidol." *Id.* at 7. Despite the many side-effects Plaintiff experienced soon after starting the drug, the doctor increased his dosage to the maximum allowable, which resulted in injuries to Plaintiff.

Two days after Plaintiff filed his letter, the Court received an amended complaint from Plaintiff, on the court-provided form, that was signed the same date as his letter. ECF No. 12. In the caption of the amended complaint, Plaintiff lists the same six Defendants who were named in his letter. In the 'Statement of the Claim' section of his amended complaint, Plaintiff states that from February 2016 until March 2018, he was given medication "with improper supervision" at the Lincoln County Jail. *Id.* at 3. As a result, Plaintiff alleges he suffered the following injuries: "weight gain, erectile dysfunction, lactating breast, growing breast, sleep [insomnia], ruined body full of stretch marks, skin irritation, a multitude of mental illness, self [conscience], lackadaisically living day to day, embarrassment day to day, [and] divorce due to unable to engage in intercourse or produce more children due to permanent [erectile dysfunction]." *Id.* As for Defendant Johnson & Johnson, Plaintiff alleges that it continues to make "billions" while not discontinuing sales of this medication despite being "fully aware" that the medication is harmful when ingested. Plaintiff also asserts that the medication should be given with a warning about known side effects. *Id.* at 3-4. As for Defendant Jenseen Pharmaceuticals, Plaintiff alleges that it continues to manufacture and sell this medication despite being aware of the side effects. Furthermore, Plaintiff asserts that these two corporations are in an "incest[u]ous relationship." Plaintiff states no allegations against the other named Defendants. For relief, Plaintiff seeks 70 million dollars in damages.

**Discussion**

Plaintiff's amended complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) for multiple reasons. However, because Plaintiff is proceeding *pro se*, the Court will give him one more opportunity to file a second amended complaint, on a court-provided form, that contains all of his allegations against all of the named Defendants. Plaintiff should consider the following issues when filing his second amended complaint.

Plaintiff never names the "dangerous" medication about which he complains in his amended complaint. *See* ECF No. 12. However, in his second letter to the Court, Plaintiff refers to the medication as "Respidol." ECF No. 11. "Respidol" does not appear to be a known pharmaceutical. Plaintiff must clarify the name of the medication, which forms the basis of his allegations.

Moreover, many of Plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As a threshold matter, Defendant corporations "Jenseen" Pharmaceuticals and Johnson & Johnson are not state actors for purposes of liability under § 1983. Section 1983 imposes liability on government actors acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Here, Plaintiff does not allege the two Defendant corporations came to any understanding with any state actors to violate Plaintiff's constitutional rights. As a result, Plaintiff's allegations fail to state a § 1983 claim against these two Defendant corporations.

In addition, Plaintiff fails to state a valid claim under § 1983 when he names defendants as a group, including Defendants: "Employees of Lincoln County Jail," "Doctors at Lincoln County," and "United States Marshals." "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff must name specific employees personally involved in or directly responsible for the allegations of his complaint.

Finally, Plaintiff's claims of negligent medical care do not rise to the level of an Eighth Amendment violation.

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In order to state a claim under the Eighth Amendment, a prisoner plaintiff must allege that he suffered objectively serious medical needs and that the defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Here, Plaintiff alleges that employees and doctors at Lincoln County Jail were negligent in providing him with a dangerous medication. Plaintiff never alleges that the employees and doctors at Lincoln County Jail deliberately disregarded his medical needs, or that they gave him a "dangerous" medication despite knowing it would harm him. Plaintiff's amended complaint fails to plead a valid Eighth Amendment claim for deliberate indifference.

The Court provides Plaintiff with **thirty (30) days** after the date of this Order to file a second amended complaint on the court-provided form. Letters to the Court will not substitute for a properly drafted second amended complaint. *See* E.D. Mo Local Rule 4.04(A). Plaintiff's

allegations should be contained in a single filing – his second amended complaint. In addition, Plaintiff is warned that the second amended complaint will replace the original complaint, the amended complaint, and all previously-filed pleadings. Accordingly, Plaintiff must include each and every claim he wishes to pursue in the second amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the other complaints that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id.*

Moreover, it is important that Plaintiff's allegations explain each Defendant's involvement or direct responsibility for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff may not refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Finally, Plaintiff's claims against all of the named Defendants should be clearly set forth in the "Statement of Claim." If Plaintiff fails to file a second amended complaint on the Court's form within **thirty (30) days** and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. Because Plaintiff is proceeding *in forma pauperis*, Plaintiff is advised that the Court will review the second amended complaint under 28 U.S.C. §§ 1915 and 1915A, and related authority.

**Appointment of Counsel**

Plaintiff filed a letter with the Court in which he seems to ask for the appointment of counsel. *See* ECF No. 5. To the extent this filing can be construed as a motion for appointment of counsel, it will be denied without prejudice to refiling at a later time. There is no constitutional

or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in Plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $12.33 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS HEREBY ORDERED** that, within **thirty (30) days** after the date of this Order, Plaintiff shall file a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff's letter can be construed as a motion for appointment of counsel [ECF No. 5], it is **DENIED without prejudice**.

**If Plaintiff fails to timely file a second amended complaint in compliance with this**

**Order, the Court will dismiss this action without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2020