# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RAMORI V. ROGERS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2478 PLC |
| | ) |
| UNKNOWN DOCTOR, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Self-represented Plaintiff Ramori V. Rogers, Sr.'s second amended complaint was due by October 5, 2020. This deadline has passed, and no filing has been received. The Court warned Plaintiff that a failure to timely comply with its July 29, 2020 Order could result in dismissal of this action. As such, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff filed this 42 U.S.C. § 1983 lawsuit at the end of August 2019. Based on the allegations in his first amended complaint, Plaintiff seeks relief for medical care he did or did not receive while he was detained in Lincoln County, Missouri, between February 2016 and March 2018. On January 14, 2020, the Court: (1) granted Plaintiff in forma pauperis status, (2) gave Plaintiff thirty days to file a second amended complaint, and (3) denied without prejudice Plaintiff's request for appointed counsel [ECF No. 13]. Plaintiff then obtained an extension until March 12, 2020, to file the second amended complaint [ECF No. 15]. Subsequently, the Court granted Plaintiff's request for a second extension until June 12, 2020, to file his second amended complaint [ECF No. 17].

On May 29, 2020, Plaintiff requested a third extension of time [ECF No. 19], due to a COVID-19 lockdown at the federal correctional facility in Arizona where he is incarcerated. Plaintiff requested an additional ninety (90) to one-hundred-twenty (120) days to retain counsel and file a second amended complaint. The Court granted Plaintiff's request [ECF No. 21], and his second amended complaint became due on or before September 3, 2020.

However, about six weeks prior to the deadline, Plaintiff filed a motion requesting an Order (1) granting a "very lengthy extension" of time to file his second amended complaint, (2) holding the case in abeyance until further notice, or (3) dismissing the case without prejudice to refiling at a later date [ECF No. 22 at 1]. Plaintiff explained that his place of incarceration was still on COVID-19 lockdown, resulting in no law library access and delays in receiving mail. The Court granted Plaintiff a thirty-day extension until October 5, 2020, to file his second amended complaint [ECF No. 23].

In the Order granting Plaintiff the fourth extension, the Court reminded Plaintiff that as stated on the Prisoner Civil Rights Complaint form, the statement of the claim(s) in his second amended complaint must contain "a short and plain statement of the facts" and does not need to include "legal arguments[] or cite court cases or statutes." Because Plaintiff should be familiar with the facts supporting his Section 1983 claim(s), Plaintiff should be able to prepare his second amended complaint during the facility lockdown. The Court also noted that holding this case in abeyance before conducting a review of Plaintiff's second amended complaint under 28 U.S.C. § 1915(e)(2) and § 1915A, would not be a reasonable use of the Court's resources.

Plaintiff's second amended complaint was due to the Court on October 5, 2020. To date, Plaintiff has neither complied with the Court's Order, nor sought additional time to do so. Plaintiff did file a letter with the Court on August 24, 2020, asking what amount he still owed towards his

filing fee [ECF No. 24]. But he has not filed a second amended complaint, despite four extensions of time to do so. Plaintiff was given meaningful notice of what was expected and cautioned that his case would be dismissed if he failed to timely comply. As warned by the Court in its prior Order, application of the relevant statute of limitations may adversely affect Plaintiff's ability to pursue his present claims in any subsequent proceeding. However, only Plaintiff can pursue these claims upon his own behalf. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with this Court's July 29, 2020 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed ... by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (per curiam) (district court did not abuse its discretion in dismissing action without prejudice when the self-represented plaintiffs failed to comply with an order directing them to file an amended complaint within fourteen days); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of October, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE